# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

DOCKET NO. 3:02-cr-163-FDW-1

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| vs. ) | |
| ) | |
| **CHARLIE VAYSHONE GREEN,** ) | **ORDER** |
| ) | |
| **Defendant.** ) | |
| ) | |

Pursuant to 18 U.S.C. § 401 and Federal Rule of Criminal Procedure 42(b), the undersigned United States District Judge certifies that:

1. On May 10, 2002, Defendant Charlie Vayshone Green was indicted on two counts of possession with intent to distribute cocaine powder and possession of ammunition by a convicted felon. On September 17, 2003, Defendant entered into a plea agreement with the Government, admitting his guilt to count one of the indictment. This Court accepted and entered Defendant's plea of guilty on September 18, 2003. On December 16, 2003, this Court sentenced Defendant to a term of imprisonment of forty-six (46) months, to be followed by a term of supervised release of six (6) years.

2. On May 8, 2008, the United States Probation Office petitioned this Court for a Warrant for Offender Under Supervision. Probation Officer Lisa Morris certified that Defendant had failed to report to the Gaston County Residential Reentry Center, a condition of his supervised release, and recommended that Defendant's term of supervision be revoked.

3. Defendant appeared before the undersigned on June 18, 2009, for a supervised release violation hearing. During the hearing, Defendant interrupted the Court, the attorneys, and the

witnesses on several occasions. After the first such interruption, the Court stated, "Lets set the basic ground rules. One of us talks at a time. When I talk, I talk. When I finish talking, you can talk." Defendant, however, persisted in interrupting the Court, prompting the undersigned to issue the following warning:

> I once again ask you to not interrupt the Court when the Court is speaking. You'll have an another opportunity to talk in a moment. If you would wait until then I would appreciate it. If you continue to interrupt the Court, the Court will hold you in contempt.

Defendant indicated that he understood what the undersigned had told him, but continued to interrupt the Court. As a result, the undersigned summarily found Defendant to be in contempt of court pursuant to 18 U.S.C. § 401 and Federal Rule of Criminal Procedure 42(b), insomuch as Defendant's misbehavior in the Court's presence was obstructing the administration of justice. Summarizing Defendant's willful obstruction, the undersigned stated:

> Mr. Green repeatedly interrupted other people speaking in this courtroom. He interrupted Sergeant Scharf during the middle of his testimony. He interrupted the Court several times. The Court advised him explicitly not to interrupt anyone. The Court said to him that he would be given his opportunity to speak and he would be directed by the Court when to speak. He did not follow the Court's instructions. In fact, the Court warned him he could be held in contempt and he continued to interrupt the Court and the Court did hold him in contempt.

The undersigned then recited the elements of contempt as found in § 401, stating that Defendant's persistent interfering and interrupting "clearly obstructed the administration of the supervised release hearing." The undersigned went on to note criminal contempt's element of criminal intent, or willfulness, under Fourth Circuit case law. See, e.g., United States v. Marx, 553 F.2d 874, 876 (4th Cir. 1977). The undersigned then found that Defendant's conduct had been willful:

> [T]he Court advised the defendant both when the defendant was on the stand and when the defendant was sitting at the defense table that he was not to speak unless

he was directed by the Court to speak and that he would be given his opportunity to speak, and, of course, the Court one time told him he could be held in contempt, yet he still continued to interrupt so the Court does find that the required degree of criminal intent was there. The defendant did interrupt the Court and others speaking willfully and intentionally.

The undersigned then recited the procedure for summary contempt found in Federal Rule of Criminal Procedure 42(b), heard argument from counsel regarding the appropriate punishment, and sentenced Defendant to three (3) months' imprisonment, to be served consecutively to the thirty-three-and-a-half ($33^{1/2}$) months for his supervised release violation.

4. The Court finds support in the case law for this action, particularly due to Defendant's repeated misbehavior, despite having been warned, and the Court's obligation to punish conduct which obstructs the administration of justice. See United States v. Warlick, 742 F.2d 113, 115-16 (4th Cir. 1984) ("[O]bstruction of the administration of justice requires . . . some act that will interrupt the orderly process of the administration of justice . . . . An obstruction to the performance of judicial duty resulting from an act done in the presence of the court is, then, the characteristic upon which the power to punish for contempt must rest.").

In consideration thereof, it is ORDERED, ADJUDGED, and DECREED that Defendant Charlie Vayshone Green is in direct and summary criminal contempt of court and as a consequence shall be punished by a term of three (3) months' imprisonment, to be served consecutively to the sentence imposed by the Court for Defendant's supervised release violation. This Order shall be subject to reconsideration should the Bureau of Prisons medical officials determine at a later date

that Defendant was incompetent to participate in these proceedings.[1]

       IT IS SO ORDERED.       Signed: June 19, 2009

*Frank D. Whitney*
United States District Judge

---

[1] At the onset of the supervised release violation hearing, defense counsel stipulated to Defendant's competency based upon a psychological evaluation by Dr. Stephen Bondy of SCN Psychological and Consulting Services, LLC. However, defense counsel later stated his opinion that Defendant's "psychological issues" were the "real basis of what's occurring today and . . . ultimately the basis of the Court's determination that [Defendant is] going to be found in contempt."